**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

Ricardo Rivera-Ortiz,

Plaintiff,

v.                                                              CIVIL NO. 23-1224 (SCC-HRV)

Panadería Ritamar, Inc.,

Defendant.

**<u>MEMORANDUM AND ORDER</u>**

Before the Court is Pro Se Plaintiff Ricardo Rivera-Ortiz's ("Plaintiff") Request for

Judicial Notice (Docket No. 155), which was opposed by Defendant Panadería Ritamar,

Inc. ("Defendant") (Docket No. 156). The presiding District Judge referred the case to the

undersigned for full pretrial management, including report and recommendation on any

dispositive motions, and for disposition on non-dispositive motions. (Docket No. 42).

Plaintiff's motion requests that the Court take judicial notice pursuant to the Federal

Rules of Evidence Rule 201(b) of data appearing in three (3) online sources of different

government websites: the U.S. Department of Veterans Affairs' ("VA") "Serving Her

Country: Exploring the Characteristics of Women Veterans" statistics;[1] the U.S. Census

---

[1]    The link provided by Plaintiff in his motion is www.data.va.gov/stories/s/Women-Veterans-in-2023/wci3-yrsv. The undersigned was able to last access it on May 21, 2026.

Bureau "Press Release CB23-FF.09" statistics;[2] and the U.S. Department of Labor's "Veterans' Employment and Training Services" fact sheet.[3] (*See* Docket No. 155). As per Plaintiff's motion, the three listed sources provide data related to the number of female Veterans in the United States. (*Id.*). Plaintiff insists that the sources are government websites which are self-authenticating, allowing the Court to take judicial notice. (*Id.* at pp. 4-5). Plaintiff's motion lacks explanations as to why the Court should take judicial notice pursuant to the requirements of Rule 201.

Defendant opposes. (Docket No. 156). It argues that Plaintiff did not articulate any reason as to why judicial notice of the statistical data is required. And that the data is "general, nationwide demographic statistics." In sum, Defendant sustains that: (1) the facts that Plaintiff seeks to introduce are not adjudicative facts subject to Rule 201 but instead general background statistics regarding the national percentage of women Veterans with no established relevance; (2) if the Court were to take judicial notice, Defendant would be deprived of the opportunity to contest their accuracy, completeness, and applicability; and (3) that this is an improper attempt to introduce substantive evidence through the "backdoor of judicial notice." Defendant also argues that Plaintiff's assertion that the three sources were presented at the deposition that took place on March 31, 2026, is plainly false, and that Plaintiff never disclosed the three sources during Rule 26's initial disclosures.

---

[2]    The link provided by Plaintiff in his motion is www.census.gov/newsroom/facts-for-features/2023/veterans-day.html. The undersigned was able to last access it on May 21, 2026.

[3]    The link provided by Plaintiff in his motion is www.dol.gov/vets/womenveterans. The Court was unable to access the link provided by Plaintiff as it opened to a "Page Not Found" page of the U.S. Department of Labor.

Rule 201 of the Federal Rules of Evidence provides that the Court may take judicial notice of a fact that is not subject to reasonable dispute because it is either "generally known within the territorial jurisdiction of the trial court" or it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Rule 201(b) regulates when the court can take judicial notice of an adjudicative fact as a shortcut to having to present evidence. *Getty Petroleum Mktg., Inc. v. Cap. Terminal Co.*, 391 F.3d 312, 321 (1st Cir. 2004) (Lipez, concurring) ("Judicial notice of fact is an evidentiary shortcut."). But "[i]t is a fundamental principle of our jurisprudence that a factfinder may not consider extra-record evidence concerning disputed adjudicative facts." *Romero-Acosta v. Kindred Spirits, Inc.*, 2025 WL 2147158, at *7 (D.P.R. June 27, 2025) (quoting *Lussier v. Runyon*, 50 F.3d 1103, 1113-1114 (1st Cir. 1995)). "Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *MVM Inc. v. Rodriguez*, 568 F.Supp.2d 158, 164 (D.P.R. 2008) (quoting *Int'l Star Class Yacht Racing Assoc. v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

As noted, Plaintiff proffers no substantive explanation as to why the Court should take judicial notice of the information contained in the three sources provided by him. Or the sources' relevance, accuracy, or applicability of the information contained in those three sources to the case before the Court. Judicial notice is limited to facts that are not subject to reasonable dispute. Fed. R. Evid. 201(b). To qualify for judicial notice under Rule 201(b)(1), the facts in question must be "generally known within the trial court's jurisdiction." That is, the facts must "exist in the unaided memory of the populace."

3

*Santiago-Sepúlveda v. Esso Std. Oil Co. (Puerto Rico), Inc.*, No. CV 08-1950 (CCC), 2008 WL 11357960, at *2 (D.P.R. Oct. 30, 2008) (cleaned up). I focus on the first two sources listed on Plaintiff's motion; I will discuss the third source later. The two sources offered by Plaintiff include statistical data regarding the number of women veterans from 2000-2023, number of women veterans by race and ethnicity, the period of service, and additional socioeconomic characteristics. "It can hardly be said that the unaided memory of the populace is cognizant" of these facts. *Santiago-Sepúlveda*, 2008 WL 11357960, at 2. And "[w]hile some well-informed members of the populace may be aware […] only the most sophisticated followers of the [veterans] would know" the specifics. *Id*. Judicial notice is therefore inappropriate under Rule 201(b)(1).

I now turn to Rule 201(b)(2), and whether the facts that Plaintiff wants the Court to take judicial notice are subject to reasonable dispute by resort to sources whose accuracy cannot be reasonably questioned. The first source cited by Plaintiff is the U.S. Department of Veterans Affairs "Serving Her Country: Exploring the Characteristics of Women Veterans:" https://www.data.va.gov/stories/s/Women-Veterans-in-2023/wci3-yrsv (visited 5/21/2026 at 11:45 a.m.). The page displays statistical data regarding the number of women serving in the military, their race and ethnicity, period of service, educational attainment, employment, household income, marital status, use of VA disability benefits, disability compensation, pension, veteran readiness and employment, loan guarantee, and health care. Courts can take judicial notice of information that is available on government websites at a particular time. *Rodrique v. Hearst Communications, Inc.*, 126 F.4th 85, 92 n.3 (1st Cir. 2025); *In re Financial Oversight and Mgm't Bd. for Puerto Rico*, 60 F.4th 9, 13 n.3 (1st Cir. 2023). But for the Court to take judicial notice, such information must be considered an adjudicative fact. Adjudicative

4

facts concern the immediate parties, "who did what, where, when, how, and with what motive or intent." Fed. R. Evid. 201 advisory committee's notes; *Gebremichael v. I.N.S.*, 10 F.3d 28, 37 n.25 (1st Cir. 1993) (adjudicative facts "usually answer the questions of who did what, where, when, how, why, with what motive or intent."). Plaintiff sustains that "the [c]omplaint is about an employer (Defendant) who posted a job advertisement seeking only females [sic] candidates for a cashier position[.]" (Docket No. 158 at p.1). And argues for the first time in his reply brief that judicial notice is important because the data "has to do with the fact that since women constitute approximately 10-11% of the veteran population worldwide, for year 2022, the remaining 90-89% are males, nearly an entire class of former servicemember also excluded by Defendant from consideration in initial employment due to their service in the armed forces." (*Id.*).

But, as mentioned above, the operative complaint alleges that the job advertisement sought to hire a female cashier and that the female who was hired by Defendant had "no prior service in the uniformed service." (Docket No. 18-1 at p. 3). There is no allegation in the operative complaint as to Defendants seeking to hire a female cashier necessarily to exclude a class of veterans, *i.e.* male veterans. *See* Docket No. 18-1 at p.4 (Defendant had the intent of "discouraging and preventing male workers from applying for the cashier position, based on their gender[...];" Defendant engaged in "discriminatory employment advertising, recruitment, and hiring by excluding male candidates from applying[.]"). Because Plaintiff fails to explain why and how the three sources listed in his motion are adjudicative, the Court has a hard time grasping how the data relates to the parties and claims in the present case. In other words, how does the national percentage of women veterans constitute an adjudicative fact relevant to Plaintiff's claims against Defendant. *See Valdivia v. Schwarzenegger*, 599 F.3d 984, 994

5

(9th Cir. 2010) (judicial notice applies only to adjudicative facts, which are "the facts of a particular case.").

The second source cited by Plaintiff is the U.S. Census Bureau Press Release Number CB23-FF.09: https://www.census.gov/newsroom/facts-for-features/2023/veterans-day.html (visited 5/21/2026 at 12:25 p.m.). It provides statistical data of the number of military veterans, number of female veterans, percentage of veterans who served in World War II, the Korean War, the Vietnam War, and the second Gulf War, the percentage of Hispanics or Latinos, the percentage of veteran age 75 and older in 2022. Again, the undersigned has a hard time understanding how the web page cited by Plaintiff supports his claim in this case and/or how it resolves any specific factual dispute between the parties. I decline Plaintiff's invitation to take judicial notice of those facts. The statistical data are not adjudicative facts of this particular case. It is a general fact about how many female veterans there are and say nothing about Defendant's intent or the hiring decision here. At most, the court can take judicial notice that such data exists in the two government websites cited by Plaintiff, but the Court does not take judicial notice that the data and the methodology used to reach said information is correct and/or accurate. *See Nguyen v. Cavalry Portfolio Servs., LLC*, 2015 WL 12672149, at *2 (S.D. Cal. Feb. 20, 2015) (courts can take notice of public records for limited purposes). On this score, Plaintiff has not persuaded the undersigned that the statistics he is asking the Court to deem a proven fact, are "not subject to reasonable dispute." *See Prescott v. Higgins*, 538 F.3d 32 (1st Cir. 2008) (upholding the lower court's refusal to take judicial notice of statistics that showed a disparate impact in a different case because the validity of the statistics was "at issue" in that case and therefore not beyond "reasonable dispute" within the meaning of Fed. R. Evid. 201(b).).

Lastly, as to the third source cited by Plaintiff, i.e., www.dol.gov/vets/womenveterans, the Court notes that the third source does not appear online. The Court was unable to access the link provided by Plaintiff as the it opened to a "Page Not Found" page of the U.S. Department of Labor. Although Plaintiff included a screenshot of the website as Exhibit 155-3, the screenshot does not show the URL of the website for the Court to access it. "Because the web page is not legible, it is disputable whether it supports the contention made by [P]laintiff[], and the contention does not therefore qualify for judicial notice under Federal Rule of Evidence 201(b)(2)." *Santiago-Sepúlveda*, 2008 WL 11357960, at *3.[4]

Plaintiff also cites Rule 902 of the Federal Rules of Evidence as an independent basis for the Court to take judicial notice. (Docket No. 155 at p. 4). Without more, he rapidly argues that "newspaper and website designs, dates of publication, page numbers, and web addresses [are] sufficient to support self[-]authentication of Internet articles under Rule 902(6)." (*Id.*). And that information on the Internet is self-authenticating, so there is "no good reason to require proof to establish it." (*Id.*). Defendant ripostes that Rule 902 governs authentication and whether a document is what it purports to be, not whether it can be judicially notable. (Docket No. 156 at p. 6). I agree. Rule 902 pertains to authenticity as "a condition precedent to admissibility." *United States v. Carrasco-Castillo*, 427 F. Supp. 3d 266, 271 (D.P.R. 2019); Fed. R. Evid. 902. And while some evidence is indeed self-authenticating pursuant to Rule 902, including official

---

[4]   In his reply, Plaintiff argues for the first time that the demographic data constitutes historical government evidence relevant to a claim of a "previously unenumerated fundamental right." (Docket No. 158 at p. 2). Since Plaintiff may not raise new legal theories in a reply brief, this argument is deemed waived. *Latin American Music Co. v. The Archdiocese of San Juan of Roamn Catholic & Apostolic Church*, 499 F.3d 32, 41 (1st Cir. 2007).

publications issued by a public authority, that does not mean that the evidence set forth by Plaintiff clears the judicial notice test under Rule 201(b).

Lastly, Plaintiff claims in his motion that the sources he intends the Court to take judicial notice of were presented during the March 31, 2026, deposition. Defendant denies this and further asserts that Plaintiff never disclosed the sources as required by Rule 26. Plaintiff replies that counsel for Defendant terminated the deposition shortly after Plaintiff conveyed the veteran statistics. (Docket No. 158 at p. 4). The truth of the matter is that the Court need not delve into this issue because whether the sources were presented at the deposition does not alter the Rule 201 judicial notice analysis. I need not go further.[5]

Pursuant to the above, Plaintiff's motion requesting judicial notice at Docket No. 155 is DENIED.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 22nd day of May, 2026.

S/HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE

---

[5]     Plaintiff requests a 30-day stay of all proceedings pending transcripts of the deposition for later submission to the Court. But as explained above, whether the sources were presented at the deposition does not alter the Rule 201 judicial notice analysis. Furthermore, requests and arguments made for a first time within a reply brief are deemed waived. *Latin American Music Co. v. The Archdiocese of San Juan of Roamn Catholic & Apostolic Church*, 499 F.3d 32, 41 (1st Cir. 2007); *García-Fernández v. Global Capital Markets, Inc.*, 2010 WL 11545619, at *3 (D.P.R. Mar. 22, 2010).